MARTHA E. PIATT v. JOHN H. PIATT ET AL.

(No. 6,989.)

1. It is not necessary for the court to decide the merits of a controversy on the granting an injunction. In a proper case an injunction will be issued to secure the plaintiff from damage pending the decision of the legal right in the premises.

2. An injunction will lie in behalf of a devisee, and against the son of the testator, on the showing that the son is collecting the rents of the estate pending the question of the probate of the testator's will and that waste is being committed by him.

SPECIAL TERM.—On demurrer to petition.

The petition in this case states that Jacob W. Piatt, late of Boone county, Kentucky, died, leaving the plaintiff, Martha, his widow, seven children, who are minors, and for whom the plaintiff sues as curator, and two children, John H. Piatt, Caroline C. Jenkins, late Piatt, who are adults, and

who are made [defendants. Jacob W. Piatt was seized of real estate in Kentucky, Illinois and Ohio, much the largest portion being in the city of Cincinnati, under rent, and yielding annually about $6,000. That he executed in due form a last will and testament, by which he devised, with the exception of a specified house and lot, all his real estate to the plaintiff, Martha E. for the benefit of his minor children, appointing the said plaintiff executrix of his will and guardian of the minor children ; that the said last will and testament has been offered for probate to the proper court in Kentucky, and is in the custody of that court, so that it can not be obtained for probate in this State. That the probate being resisted by the defendant, John H. Piatt, as he has a right to do according to the law of Kentucky, the question of its probate is still pending and undetermined; and the plaintiff is thus prevented from offering for probate in this State either the original will or an authenticated copy, with the probate in the State of Kentucky.

The petition further states that the defendant, John H. Piatt asserts a right to collect one month of the rents of the property in Cincinnati, and has been collecting the same; that the plaintiff and said defendants have not been able to agree upon any plan by which said real estate shall be taken care of and protected from waste; that the defendant had been collecting the rents before the death of Jacob W. Piatt, and has since continued to receive them, or a part of them, without authority from the plaintiff, and without rendering any account; that under these circumstances there is great danger that the property will go to waste, and the rents and profits not be collected and properly taken care of.

The petition concludes with a prayer for a receiver, to take charge of the property and hold the part in dispute until the termination of the controversy as to the title. There is also a prayer for injunction and an account.

*Johnston & Carroll*, for plaintiff.

*Nicholas Headington,* for defendants.

GHOLSON, J.    It is claimed in support of the demurrer, that when relief in equity depends upon a legal right, the court will not interfere until the right is ascertained, and that this should be done by a proceeding at law.    This is a correct rule when the court is required to make a final decree settling the right in dispute.    2 Phill. 44, 49, 154, 293 and 333.    Or, at least, the court will not interpose unless the legal right is very clear.    2 Phill. 154.    But in the meantime there may be a question whether an injunction will not be granted, or some order made to secure the plaintiff from damage until the legal right is decided.    2 Phill. 44, 50.    "It is certain that the court will, in many cases, interfere and preserve property in *statu quo,* during the pendency of a suit, in which the rights to it are to be decided, and *that* without expressing, and often without having the means of forming any opinion as to such rights." 2 Phill. 602; 16 Ves. 267; 3 V. & B. 168; Dow, 440.    "It is true that the court will not so interfere, if it thinks there is no real question between the parties; but seeing that there is a substantial question to be decided, it will preserve the property until such question can be regularly disposed of. In order to support an injunction for such purpose, it is not necessary for the court to decide upon the merits in favor of the plaintiff."    2 Phill. 603.

There being cases in which relief may be properly granted, is such a case made out by the statements in the petition?    The answer to this question must depend on the nature of the circumstances as showing such injury to the plaintiff as forms a ground for the interference in equity. If the plaintiff may suffer, during the pendency of the litigation, an injury in its nature irreparable, this, undoubtedly, will be sufficient.    16 Mees. & Welsb. 581.    There are some injuries which have been specially pointed out as being of this description, others depend upon the meaning of the general definition or description, "irreparable in-

jury." It has been said that irreparable injury is "that which if not prevented by injunction, can not afterward be compensated by any decree which the court can pronounce in the result of the cause." 16 Mees. & Welsb. 575, 581.

The injury claimed in this case to authorize the interference of the court is waste, the great danger of which to the real estate is alleged in the bill, but the particulars are not stated. Now it may be inferred that the waste threatened is permissive—the injury and destruction of tenements from the want of proper repair. That a case of this kind may exist, which, under its circumstances, may amount to irreparable injury, and justify the interference of the court, is clear to my mind. Whether, under the general allegations in the petition, the plaintiff can make out such a case, is not now the question. The only question is, whether, on a demurrer, such general allegations are sufficient. We have so held under the code, leaving the party to a motion to make definite and certain. Even under practice, in chancery, it has been said that "a very general term used in pleading may enable a party to make a case which, if proved, would entitle him to relief." 1 Craig & Phill. 98, *Williams* v. *Earl of Jersey.*

In accordance with these views the demurrer to the petition must be overruled.

Demurrer overruled.